GEORGE BRADLEY *vs.* THE BOSTON & MAINE RAILROAD.

The proprietors of railroads, when running their engines over crossings, are bound to exert reasonable care and diligence, to prevent injury therefrom to travellers on the road crossed ; and whether such care and diligence have been employed in a particular case, is a question of fact, to be decided by the jury, upon all the circumstances.

A compliance with the provisions of the Rev. Sts. c. 39, §§ 78, 79, respecting the putting up of notices at railroad crossings, and the ringing of a bell when engines are passing over the same, will not exempt the proprietors of a railroad from their obligation to use reasonable care and diligence, in other respects, when running their engines over crossings, if the circumstances of the case render the use of other precautions reasonable.

THIS was an action on the case, to recover damages of the defendants, for an injury sustained by the plaintiff, in consequence of collision, at a crossing, with a locomotive engine, driven by the servant of the defendants.

At the trial which was before *Wells*, C. J., in the court of common pleas, it was in evidence, that the engine which occasioned the damage had been recently repaired, and was being proved at the time of the collision; that the regular train had passed the crossing just before the collision took place; and that, from the formation of the ground, and an interposing growth of wood, a bell, if rung according to the provisions of the Rev. Sts. c. 39, § 78, could not be heard by a person approaching the crossing by the road on which the plaintiff came upon it.

The defendants contended that they were bound only to the exercise of ordinary care, and they offered to prove, that they used as much care as those having charge of engines usually exercised in passing railroad crossings; but the judge ruled, that such proof would not of itself amount to a justification; and, in relation to the care which the defendants were bound to exercise, instructed the jury as follows: —

" That the defendants were bound to exercise reasonable care in passing over crossings with their engines; that if railroads had existed for so long a time that a practice or usage had prevailed, settling what was proper and reasonable care to be observed at crossings, the care ordinarily observed would be the test of reasonable care; but, in consideration of the recent introduction of the use of railroads, the proper course for the jury, in the present case, would be to decide from their own judgment, whether, in view of all the circumstances of the case, and the explanatory evidence, a reasonable care had been exercised by the defendants."

The testimony of persons experienced in the management

of locomotive engines, giving their opinion as to whether the evidence showed that reasonable care had been used in the present case, and what was the proper method of managing engines at crossings, was admitted without objection.

The defendants further contended, that if they had complied with the provisions of the Rev. Sts. *c.* 39, § 78, in relation to notices, &c., they were not liable for any damage which might occur from collisions at crossings, unless they were guilty of gross negligence. But the judge ruled, that a compliance with these regulations did not excuse the defendants from the use of the requisite care, when circumstances rendered it reasonable for them to take other precautions in order to prevent a collision.

The plaintiff contended, that the place where the collision occurred, from its dangerous situation, was an unsuitable one for proving an engine; and, as the bell could not be heard at that place, that the whistle should have been sounded; but the court left it to the jury to say, whether, in either of these particulars, the conduct of the defendants showed a want of reasonable care.

The jury returned a verdict for the plaintiff, and the defendants thereupon alleged exceptions to the several rulings and instructions above mentioned.

*O. P. Lord*, for the defendants.

*N. J. Lord*, for the plaintiff.

SHAW, C. J.* The nature of the plaintiff's injury does not appear by the bill of exceptions, but it is stated to have been caused by a collision with a locomotive engine in use under the care of a servant of the defendants.

The facts not being reported, we are only called upon to consider the rulings and directions of the court.

The defendants contended, that they were bound to exercise only ordinary care ; and they offered to prove, that they had used as much care as those having charge of engines usually exercise, in passing railroad crossings.

---

* WILDE, J., did not sit in this cause.

But the court ruled that this proof (that is, proof of such care as those having charge of engines usually exercise) would not of itself amount to a justification, in relation to the care which the defendants were bound to exercise; but instructed the jury, that the defendants were bound to exercise reasonable care and diligence in passing over crossings with their engines; that if what was reasonable care at crossings had become established by usage, the care ordinarily observed would be the test of reasonable care; but, inasmuch as railroads were of recent introduction, and no such usage had become established, the jury would decide upon their own judgment, in view of all the circumstances, and the explanatory evidence, in the case, whether the defendants had exercised reasonable care.

In the first place, the instruction prayed for, we think, in the terms in which it was expressed, could not properly be given. It assumed, that it was only the duty of the defendants to employ as much diligence as those having charge of engines usually exercised; not such diligence as engineers of ordinary skill and experience exerted.

But supposing the latter to be the rule intended by the prayer for instructions, it would not be correct. The true question is, whether the defendants used reasonable diligence, that is, the care and diligence which, taking into consideration all the circumstances of the case, the exigency required. It often happens, that the one of these propositions is equivalent to the other; as, where a practice has long existed, the course which has commonly been pursued by persons of ordinary skill and care will be usually the same as that which is reasonable, and will be the evidence and measure of what is reasonable. So, where horses, wheel carriages, boats and vessels have been in use from time immemorial, what is commonly practised may be regarded as reasonable. But whether a party has been negligent or not, depends upon so many different circumstances, and the circumstances of each particular case may be so peculiar and unlike all other cases, that proof of usage would not apply. And so the judge

directed, and, we think, rightly, that if railroads had existed so long, &c., usual care would be a proper test ; but in consideration of the recent introduction of railroads, the question of proper care, &c., was for the jury to decide. This direction could not be considered as deciding upon a question of fact ; it was reasoning from a fact, not contested, and assumed as one which was not questionable. It was a question depending on all the circumstances, regard being had to the relative positions of the roads, the intervening obstructions, the time of day or night, the weight and velocity of the engine ; and what were reasonable and proper precautions, and the fact of negligence, were rightly left to the jury upon all the circumstances in proof. *Wayde* v. *Carr*, 2 Dow. & R. 255 ; *Lynch* v. *Nurdin*, 1 Ad. & Ell. N. S. 29.

It was further contended, that if the defendants had complied with the provisions of law, requiring a board to be placed at crossings, and a bell to be rung, (Rev. Sts. *c.* 39, §§ 78, 79,) they were not liable for any damage which might occur from collisions at crossings, unless they were guilty of gross negligence. But the court ruled otherwise, and directed that a compliance with these regulations would not exempt them from the obligation of using reasonable care in other respects, when the circumstances rendered it reasonable to use other precautions.

The statute makes certain positive regulations, and the defendants, at their peril, are bound to comply with them ; but there are no negative words, and there is no implication that a compliance was to absolve them from any duty which they were under before ; and, therefore, if other precautions were necessary, the defendants were still bound to take them.

In the case first above cited, it was held, that where the driver was on the wrong side of the road, if the circumstances were such as to justify it, the driver was not liable; and it was left to the jury, as a question of fact, upon all the circumstances, including that of being on the wrong side of the road, whether the defendant was chargeable with negligence.

So, whether, under the circumstances, if the bell of the locomotive could not be heard, it was the duty of the engineer to sound the whistle, we think it was rightly left to the jury, whether reasonable precautions had been taken to give such notice as would prevent collision ; the fitness of any particular expedient suggested depending upon the exigency of the case.   *Lack* v. *Seward*, 4 C. & P. 106 ; *Pluckwell* v. *Wilson*, 5 C. & P. 375 ; *Boss* v. *Litton*, 5 C. & P. 407.   And so, whether the place and the time and occasion were fit for trying a newly repaired engine, was a question of fact rightly left to the jury.

. The evidence is not reported, and we are not to presume, that the jury found a verdict against the defendants, without proof of actual negligence and want of ordinary care, in the use of the road and of the engine.   The defendants had a right to run their engines on the road at all times, for all suitable and proper purposes, using proper care not to interfere with the equal right of travellers to use the road crossed. On these grounds, the court are of opinion, that the directions of the judge at the trial were right, and that judgment be entered on the verdict.                    *Exceptions overruled.*